**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 11-4157

————————

In re: BRADLEY R. ORTON,
                                    Appellant

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-1-cv-00921)
District Judge: Honorable Terrence F. McVerry

————————

Argued June 21, 2012

Before: AMBRO, VANASKIE and ALDISERT, <u>Circuit
Judges</u>.

(Filed: July 20, 2012)

Dennis M. Sloan, Esq. (Argued)
Sloan & Associates, P.C.
106 S. Main Street, Suite 305
Butler, PA 16001

*Counsel for Appellant*

Rosemary C. Crawford, Esq. (Argued)
Crawford McDonald, LLC
P.O. Box 355
Allison Park, PA 15101

*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

ALDISERT, <u>Circuit Judge</u>.

Debtor Bradley Orton appeals from an order by the United States District Court for the Western District of Pennsylvania, which affirmed the United States Bankruptcy Court for the Western District of Pennsylvania's judgment. Construing the wildcard exemption in 11 U.S.C. § 522(d)(5), those courts held that the Trustee for the Estate, not the Debtor, is entitled to any post-petition appreciation in value of the Estate's assets that surpasses the dollar amount exempted. The Bankruptcy Court and the District Court reasoned that Orton had exempted only an *interest* in an asset, rather than the asset itself, and thus was entitled to merely the dollar amount listed as exempt in Schedule C accompanying his bankruptcy petition and not to any future appreciation in value. Applying the teachings of the Supreme Court's decision in <u>Schwab v. Reilly</u>, 130 S. Ct. 2652 (2010), we will affirm.

I.

The facts, insofar as they concern us here, are few. Orton filed an emergency voluntary petition for relief under Chapter 7 of the Bankruptcy Code in January 2011 and filed his required Schedules and statements shortly thereafter. This appeal concerns two of Orton's claimed exemptions. On Schedule A (real property), Orton listed his one-eighth interest in 34 acres of vacant land that is subject to an oil and gas lease. Orton stated that the fair market value of the entire parcel was $34,000 and claimed an exemption for $4,250, one-eighth of the value of the whole. On Schedule B (personal property), Orton listed his one-fourth interest in royalty interest in the oil and gas lease, to which he assigned a fair market value of one dollar. Orton noted on Schedule B that no well has been drilled on the property and that no royalties are currently due. On Schedule C (property claimed as exempt), Orton claimed wildcard exemptions for these two interests, pursuant to 11 U.S.C. § 522(d)(5), and claimed as exempt the full amount of their value from Schedules A and B—$4,250 and $1.

No party filed objections to these exemptions within the 30-day period prescribed by Rule 4003(b), Federal Rules of Bankruptcy Procedure. The Trustee then filed a motion to close the case and to except Orton's royalty interest in the oil and gas lease from abandonment, thereby preserving her ability to recover any future royalties for the benefit of the Estate in the event that a well were ever drilled on the property. Orton agreed to close the case, but he objected to the Trustee's efforts to except the royalty interest from abandonment. Orton contended that because (a) the royalty interest was subsumed in his real property interest, (b) he had claimed the full, fair market value for each, and (c) no party

3

had objected to his list of exemptions, he had successfully and permanently removed those assets from the Estate, thereby securing for himself the benefits and risks of future ap- or depreciation, free from any creditors' claims.

After a hearing, the Bankruptcy Court issued a Memorandum and Order on May 20, 2011, rejecting Orton's arguments. The Court held that the Trustee was entitled to pursue any future increase in value of the oil and gas lease above the amount explicitly stated as exempt in Schedule C.

On October 14, 2011, the District Court for the Western District of Pennsylvania affirmed the Order of the Bankruptcy Court. After examining the Supreme Court's opinion in Schwab v. Reilly, 130 S. Ct. 2652 (2010), the District Court adopted the Bankruptcy Court's reasoning in full. Orton timely appealed.

II.

The Bankruptcy Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to id. § 158(a)(1). We have subject matter jurisdiction pursuant to id. § 1291. On an appeal from a bankruptcy case, our review "duplicates that of the district court and view[s] the bankruptcy court decision unfettered by the district court's determination . . . ." In re Graves, 33 F.3d 242, 246 (3d Cir. 1994). Accordingly, we apply a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. In re Handel, 570 F.3d 140, 141 (3d Cir. 2009).

4

III.

Orton contends that he is entitled to any future appreciation in the oil and gas lease's value, which may arise from the discovery of fossil fuels and the drilling of a well. But whether Orton may collect on such an increase in value depends on our resolution of two preliminary issues: (1) whether exempting a dollar amount equal to the full fair market value of an asset wholly exempts that asset from the estate; and, if not, (2) whether a debtor may nevertheless pursue the appreciation in value of such assets in which the debtor retains only an interest. We agree with the Bankruptcy Court and the District Court before us that Schwab counsels that the answer to both questions is "no." We will, therefore, affirm the judgments of those courts.

IV.

Orton contends that, by claiming as exempt on Schedule C the full "value" of his interests in the oil and gas lease and the real estate (as estimated on Schedules A and B), he wholly exempted those assets. The issue of whether a debtor's listing of the fair market value of an asset fully exempts that asset from the estate is dealt with in 11 U.S.C. § 522 and Schwab. Through dueling interpretations of both, the parties dispute how Schwab affects Orton's attempt to wholly exempt an asset here. We hold that the Bankruptcy Court and the District Court correctly construed Schwab, and that Orton did not fully exempt his gas and oil royalty interest nor his property interest.

A.

5

Because of their singular importance to this case, we review § 522 and the Schwab reasoning briefly before turning to the particular contentions before us. When a debtor files for bankruptcy under Chapter 7, all of the debtor's assets become the property of the bankruptcy estate. See 11 U.S.C. § 541. Section 522 permits the debtor to reclaim certain property as "exempt" from the estate, subject to statutory limits and requirements. Generally, wholly exempted property is excluded from the estate "[u]nless a party in interest" objects. See id. § 522(l). As distinguished from portions of the Code that explicitly permit a debtor to exempt property as a whole, see, e.g., id. §§ 522(d)(9), (10)(c), § 522(d)(5)'s wildcard provision—the exemption at issue here—allows the debtor to exempt an "aggregate *interest* in any property," up to a certain dollar amount, id. § 522(d)(5) (emphasis added).

The Supreme Court squarely addressed the impact of the word "interest" as it pertains to the nature of assets exempted under § 522(d)(5) in Schwab. The debtor in Schwab valued an asset at $10,718 on Schedule B and exempted that same dollar amount on Schedule C. The trustee did not object. When the trustee later discovered that the debtor had undervalued the asset, and that its actual value was $17,200—far above the statutory exemption limit—the trustee attempted to claim that additional value for the estate. The debtor contended that, no matter what the actual value of the asset was, she had indicated her intent to wholly exempt the asset from the estate by claiming as exempt on Schedule C the same dollar value listed on Schedule B. Because of this indication of intent, the debtor continued, the trustee was obliged to object timely if he wished to preserve any of that asset's value for the estate.

6

The Schwab Court rejected the debtor's arguments. Because "§§ 522(d)(5) and (6) define the 'property claimed as exempt' as an 'interest' in [the debtor's] [asset], *not* as the [asset itself] *per se*," 130 S. Ct. at 2662, the Court held that merely listing as exempt on Schedule C the same dollar value of an asset that appears as its estimated value on Schedule B does not indicate an intent to wholly exempt that asset from the estate. As a result, a trustee need not object to exempted amounts that fall within the statutory limits to preserve the estate's rights to any value above that listed in Schedule C. The Court clarified that "[w]here, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, . . . the debtor [should] declare the value of her claimed exemption in a manner that makes the scope of the exemption clear." Id. at 2668. As examples of how to successfully accomplish this, the Court suggested that debtors "list[] the exempt value as 'full fair market value (FMV)' or '100% of FMV.'" Id.

B.

Turning to the present case, the Bankruptcy Court and the District Court here both concluded that Schwab's straightforward holding doomed Orton's case. Other than claiming as exempt in Schedule C a dollar amount equal to the full estimated value of his assets in Schedules A and B, Orton did not take any actions to indicate his unambiguous intent to wholly exempt his assets from the Estate. The Bankruptcy Court therefore held that Orton had exempted only an *interest* in his assets, and not the assets themselves. Because the amount of this interest was within the statutory limits for exemption, the Trustee's ability to pursue any value beyond the amount exempted was not contingent on

7

objecting. The District Court adopted this reasoning and affirmed.

Orton contends on appeal that Schwab is a narrow case whose holding is confined to instances of debtor malfeasance or negligence in claiming exemptions. In Schwab, the debtor listed in Schedule B the value of her assets far below their actual fair market value, and then, in Schedule C, claimed that low-balled amount as exempt. The Court held that the debtor's exemption in Schedule C of the full, deflated amount listed in Schedule B failed to indicate an intent to exempt the entire asset. Orton contends that this holding was premised on two facts not present here: the actual value of the assets in Schwab turned out to be higher than both (a) the debtor's Schedule B estimates and (b) the statutory limits for exemption. Because the Schwab debtor undervalued an asset that, if correctly valued, would have exceeded the exemption limits, Orton argues the Schwab debtor never had a plausible chance of exempting the entire asset, making that case inapplicable to Orton's situation here.

Here, Orton's valuation represents the actual, fair market value of the assets he seeks to exempt, and that value falls well within the statutory cap. Indeed, no party has intimated that Orton's estimated values do not represent the fair market value. Orton thus contends that Schwab's suggestion that debtors "list[] the exempt value as 'full fair market value (FMV)' or '100% of FMV,'" Schwab, 130 S. Ct. at 2668, applies solely to circumstances in which a debtor cannot or will not accurately estimate, at the time of filing, what the fair market value of an asset might be. Because the full fair market value of Orton's oil and gas lease interest is one dollar and he exempted that full amount, Orton

8

contends that he gave sufficient notice to the Trustee of his desire to exempt the entire asset from the Estate, and not just one dollar's worth of its value.

Trustee Rosemary Crawford responds that <u>Schwab</u>'s clear holding states that merely exempting a dollar amount equal to the Schedule B estimated value is insufficient to manifest the intent to exempt an entire asset. This is so, the Trustee contends, irrespective of whether a debtor has accurately or inaccurately estimated an asset's fair market value. The Supreme Court wasted little ink discussing the debtor's inaccurate estimate and spent the bulk of its opinion explaining that, because § 522(d)(5) preserves merely an "interest" in an asset, a debtor seeking to exempt the entire asset must clearly put the trustee on notice of his intent to do so. To that end, the Supreme Court provided specific examples for debtors in Orton's exact situation to follow. Orton did not heed this advice: he did not "list[] the exempt value as 'full fair market value (FMV),'" nor did he note that the amount he exempted was meant to embody "'100% of FMV.'" <u>Schwab</u>, 130 S. Ct. at 2668.

In providing these illustrative examples, the Trustee asserts, the <u>Schwab</u> Court did not draw the fine distinctions Orton now proposes. The rationale in <u>Schwab</u> focused on concerns about placing trustees on notice, not concerns about inaccurate debtor valuations. Placing the onus squarely on the debtor, the Trustee contends, the Court established a presumption that a debtor's dollar-figure exemption under § 522(d)(5) will entitle a debtor to the amount claimed, and no more, unless the debtor clearly gives notice that an entire asset is being exempted. As support, she notes that a debtor's Schedule B valuations are not binding, <u>see</u> <u>Schwab</u>, 130

9

S. Ct. at 2663, and thus cannot automatically exempt an asset from the estate simply by virtue of being equal to that asset's actual value at the time of filing.

C.

We agree with and will affirm the judgment of the Bankruptcy Court. The straightforward application of the teachings and instructions of Schwab here means that Orton properly exempted one dollar's worth of his oil and gas lease and no more. Little additional discussion is needed to buttress the Bankruptcy Court's and the District Court's persuasive conclusions.

Notwithstanding Orton's artful attempts to distinguish his case, there is no indication in Schwab that the Court meant to carve out an exception that would benefit only debtors who are accurate (and lucky) enough to estimate and exempt an asset's *exact* fair market value. It is true that the Court explained, in a footnote, that they were not squarely addressing the "argument . . . that a claim to exempt the full value of the [asset] would, if unopposed, entitle [the debtor] to the [asset] itself as opposed to a payment equal to [its] full value." Id. at 2668 n.21. And, "since it's a Supreme Court footnote, the parties haggle over its meaning . . . ." Flomo v. Firestone Nat'l Rubber Co., LLC, 643 F.3d 1013, 1017 (7th Cir. 2011). But the Court went on to warn that such an argument was "at least questionable [because] Section 541 is clear that title to the [asset] passe[s] to [the debtor's] estate at the commencement of her case, and §§ 522(d)(5) and (6) are equally clear that her reclamation right is limited to exempting an interest in the [asset], not the [asset] itself." Id.

10

At the very least, the Court was clear that exemptions under § 522(d)(5) are presumed to preserve a debtor's "interest" in an asset rather than the asset itself; a debtor seeking to retain more than an "interest" must indicate that fact unambiguously in the Schedules. See Schwab, 140 S. Ct. at 2668; cf. In re Gebhart, 621 F.3d 1206, 1210 (9th Cir. 2010) (construing Schwab to hold that "the fact that the value of the claimed exemption . . . [was] equal to the market value of the [asset] at the time of filing the petition did *not* remove the entire asset from the estate"). The Court, moreover, did not leave to future debtors the chore of discerning how they might indicate this intent going forward. Rather, it enumerated the specific actions that would manifest an intent to exempt an entire asset. And even then, the Court warned, "it is far from obvious that the Code would 'entitle' [a debtor] to clear title in [an asset] even if she claimed as exempt a 'full' or '100%' interest in it (which she did not)." Id.

Orton's case presents us with a question simpler than the one Schwab left open about a debtor claiming a "100%" exemption for an asset falling within the statutory limits. It is true that Orton's exemptions, unlike the Schwab debtor's, fell below § 522(d)(5)'s dollar limit. But Orton did not claim a "full" or a "100%" interest in the lease, much less do anything else that might be construed as placing the Trustee on notice of his intent to exempt the entire lease. All Orton did was claim as exempt in Schedule C the same dollar amount that he estimated his lease to be worth in Schedule B. That is exactly what the debtor in Schwab did, too. That Orton's listed amount happened to constitute the lease's actual fair market value does not remove Orton's case from Schwab's ambit. Notwithstanding the existence of unused exemptions or the accuracy of a debtor's valuations, the

11

<u>Schwab</u> debtor failed to apprise the trustee that he sought to remove an asset from the estate, and so too did Orton.[1]

Accordingly, Orton is entitled to a one-dollar interest in the oil and gas royalty lease, along with his $4,250

---

[1] The few courts addressing the effect of claiming as exempt "100% of FMV" of an asset (or similar words) have held that using these phrases either renders the attempted exemption facially defective or invites an evidentiary hearing to determine the fair market value of the asset so that a dollar amount can be assigned to the exemption. They reason that "where the statutory basis for a debtor's claim of exemption provides only for an exemption of an interest in certain property up to a specific dollar amount, the 'value of claimed exemption' must be identified as a monetary value." <u>In re Luckham</u>, 464 B.R. 67, 77 (Bankr. D. Mass. 2012); <u>see also</u> <u>Massey v. Pappalardo</u>, 465 B.R. 720 (B.A.P. 1st Cir. 2012); <u>In re Stoney</u>, 445 B.R. 543, 552 (Bankr. E.D. Va. 2011); <u>In re Moore</u>, 442 B.R. 865, 868 (Bankr. N.D. Tex. 2010). Thus, in claiming "100% of FMV," based on present interpretations of <u>Schwab</u>, a debtor most likely cannot exempt an asset that is not exemptible in kind such that it is removed from the bankruptcy estate, and only is entitled to exempt the fair market value of the asset as of the date of the petition up to the dollar limit of the relevant exemption. Applied here, regardless of what language Orton used to list the value of the lease, he likely only is entitled to its fair market value as of the date of the filing of his petition—that is, one dollar. In short, though we do not rule on the effect of using "100% of FMV" or similar language, it is likely that there was no way for Orton to escape the outcome of our decision, irrespective of <u>Schwab</u>'s "FMV" dicta.

exemption for real estate. Because this amount was within § 522's exemptions limit, the Trustee need not have objected before later moving to except those assets from abandonment.

V.

Having resolved that Orton's dollar-amount exemptions gave him merely an interest in the oil and gas lease, the issue of whether any appreciation in value accrues to Orton or to the Estate is easily decided: when a debtor retains only an interest in an asset, rather than the asset itself, the debtor is limited to the value of the exemption; the estate is entitled to any appreciation in the asset's value beyond the amount exempted. See In re Paolella, 85 B.R. 974, 976 (Bankr. E.D. Pa. 1988); cf. In re Reed, 949 F.2d 1317, 1324 (9th Cir. 1991) (holding that an asset's appreciation in value goes to the estate, not the debtor); In re Potter, 228 B.R. 422, 424 (B.A.P. 8th Cir 1999) (same). The Bankruptcy Court relied on well-settled precedents to reach this conclusion, and we see no reason to disturb its well-reasoned judgment.

Orton marshals several persuasive, logical arguments to support his theory that a debtor should be entitled to an asset's post-petition appreciation in value. But those arguments apply only if the debtor actually exempts the asset as a whole. As discussed above, Orton has retained merely an *interest* in his oil and gas lease, worth one dollar, and no more. The Court of Appeals for the Ninth Circuit, in fact, applied Schwab to a claim similar to Orton's and held that, even where "debtors accurately value[] [an asset] at the time of bankruptcy filing, but the fair market value[] of the [asset] increase[s] subsequent to filing[,] [t]his distinction . . . does not alter the analysis. Under [Schwab], an exemption claimed

13

under a dollar-value exemption statute is limited to the value claimed at filing." In re Gebhart, 621 F.3d 1206, 1211 (9th Cir. 2010). Because allowing a debtor to retain value beyond what was declared on Schedule C would "convert a fresh start to a free pass," Schwab at 130 S. Ct. at 2667, a trustee need not object to a debtor's exemptions to preserve an estate's rights to value beyond the amount exempted, id. at 2661-2663 & n.10. Hence, the asset itself and any amount beyond what Orton exempted are now property of the Estate.

Orton attempts to sidestep this no-nonsense conclusion by contending that, even if the estate is entitled to an asset's value at the time of filing, the debtor may collect any appreciation in value of the asset that postdates the bankruptcy. But an estate's entitlement is not set in stone at the time of filing, much less at any other time. To the contrary, the quintessential purpose of limiting a debtor to a dollar-amount exemption is to permit the trustee to liquidate assets in the best interest of the creditors by cashing out the debtor, effectively removing him from considerations about how to administer the estate. See 11 U.S.C. § 704(a)(1) ("[The Trustee must] collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interest of the parties . . . ."); Kuehner v. Irving Trust, 299 U.S. 445, 452 (1937). To that end, § 541(a)(6) establishes that any "[p]roceeds, products, offspring, rents or profits of or from property of the estate"—in other words, appreciation of value—become the property of the estate as well.

Orton retains an interest in his lease; the lease itself is property of the Estate. Accordingly, as a "product[] . . . or

14

profit[]" of the Estate's property, any potential appreciation in its value is properly retained by the Estate.

## VI.

In light of <u>Schwab</u>, Orton's Schedule C dollar-amount exemptions failed to adequately give notice to the Trustee of Orton's intent to fully exempt his interests in the oil and gas lease. The Trustee, therefore, need not have objected to Orton's exemptions to retain the ability to except the lease from abandonment. Because Orton did not fully exempt his interest in the lease, moreover, he has no claim to any future appreciation in its value. We will, therefore, affirm the decisions of the District Court and Bankruptcy Court.

15