GLD-253                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1391
_____

In re:  FLORENCE MASON,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-01619)
District Judge:  Honorable James Knoll Gardner
_____

Submitted on Motion to Proceed In Forma Pauperis,
and for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 23, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: June 5, 2013)
_____

OPINION
_____

PER CURIAM

        Florence-Elizabeth Mason appeals from an order of the United States District

Court for the Eastern District of Pennsylvania, which affirmed the United States

Bankruptcy Court for the Eastern District of Pennsylvania's orders.[1]  Because this appeal

presents no substantial question, we will summarily affirm the District Court's judgment.

Mason attempts to raise numerous issues on appeal, but our review is limited to

the following issues:  whether the Bankruptcy Court erroneously denied her "Demand for

and Emergency Hearing For Intentional Violation of the Automatic Stay due to Fraud

Upon the Municipal Court and Their Willingness to Aid and Abet Fraud," and whether it

erroneously denied her motion for reconsideration.  "On an appeal from a bankruptcy

case, our review duplicates that of the district court and view[s] the bankruptcy court

decision unfettered by the district court's determination."  In re Orton, 687 F.3d 612, 614-

15 (3d Cir. 2012) (internal quotation and citation omitted).  Thus, we review the

Bankruptcy Court's findings of fact for clear error and apply plenary review to its legal

conclusions.  Id. at 615.

Mason filed a Chapter 13 bankruptcy petition on September 7, 2011.  Mason

complains that her eviction from 160 East Meehan Avenue and her arrest for criminal

trespass were in violation of the Bankruptcy Code's automatic stay.  See 11 U.S.C.

§ 362(a).  However, we agree with the Bankruptcy Court and District Court that because

Mason was not a party to the lease for that property, she had no possessory interest, and

---

[1] Mason's motion to proceed in forma pauperis is granted.

the lease and property were not part of her bankruptcy estate. Thus, the automatic stay had no effect.[2]

We further find hold that the Bankruptcy Court did not abuse its discretion in denying Mason's motion for reconsideration. Rule 59(e) of the Federal Rule of Civil Procedures applies to motions for reconsideration in bankruptcy proceedings. Fed. R. Bankr. P. 9023; In re Grasso, ---B.R.---, 2013 WL 1364088, at *22 (Bankr. E.D. Pa. 2013). A proper Rule 59(e) motion may be based only on one of three grounds: (1) evidence not previously available; (2) an intervening change in law; or (3) to prevent a manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). Mason's motion was not based on new law, nor was it based on new evidence, since the state court order she sought to introduce was in existence at the time of her previous hearing. The Bankruptcy Court had no authority to alter its previous decision on the basis of "manifest injustice," as the lease in question was not property of Mason's bankruptcy estate. As the

---

[2] Further, even if she had been a proper tenant under the lease, the automatic stay (subject to a safe harbor exception of § 362(l)) does not preclude a landlord from continuing an eviction proceeding if the landlord had obtained a prepetition judgment for possession of the property. 11 U.S.C. § 362(b)(22); In re Plumeri, 434 B.R. 315, 319-20 (S.D.N.Y. 2010).

District court similarly perceived no error in the Bankruptcy Court's decisions, we will

summarily affirm the District Court's judgment.[3]

---

[3] We have carefully reviewed all of Mason's filings in our Court. To the extent she asks us to consider documents that were available to the Bankruptcy Court, we grant that request; any documents that were not part of that record are not considered. Mason's motion for transcripts of the bankruptcy hearings at Government expense is denied, as it is not necessary for us to review the transcripts in order to decide her appeal. Mason's remaining motions are denied.

4