**In re Gerald S. LEPRE, Jr., Appellant.**

**Gerald S. Lepre, Jr.**

v.

**United States Department Of Education, ECMC; PHEAA Student Loan Foundation Inc. & Sallie Mae Inc.**

**No. 13–2226.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 20, 2013.

Opinion filed: July 3, 2013.

Gerald S. Lepre, Jr., Pittsburgh, PA, pro se.

---

John P. Neblett, Esq., Reager & Adler, Camp Hill, PA, Peter J. Ashcroft, Esq., Bernstein–Burkley, Pittsburgh, PA, for Appellee.

Before FUENTES, FISHER and VANASKIE, Circuit Judges.

## OPINION

PER CURIAM.

Gerald S. Lepre, Jr., appeals pro se from an order of the United States District Court for the Western District of Pennsylvania, which affirmed the United States Bankruptcy Court's order entering judgment in favor of ECMC and against Lepre in the adversary proceeding. Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

## I.

In 2011, Lepre filed for relief pursuant to Chapter 7 of Title 11 of the United States Code, and filed an adversary complaint against, amongst others, the Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES") and Sallie Mae, Inc., in order to obtain a discharge of his educational loans. Subsequently, Appellee Educational Credit Management Corporation ("ECMC") was substituted for AES, and the Bankruptcy Court dismissed Sallie Mae from the adversary proceeding.[1]

In his complaint, Lepre sought a discharge of his educational debt pursuant to 11 U.S.C. § 523(a)(8), arguing that he faced an undue burden in repaying it. In March 2012, the Bankruptcy Court, after a trial on the merits, held that Lepre failed to meet the standard for undue hardship outlined in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir.1987) (adopted by this Court in *Pennsylvania Higher Education Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298 (3d Cir.1995)), and entered judgment in favor of ECMC. Lepre timely appealed the Bankruptcy Court's order to the District Court, which rejected Lepre's arguments in opposition to the Bankruptcy Court's decision, and affirmed the Bankruptcy Court's order. Following the District Court's order, Lepre timely appealed to this Court.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 158(d)(1).[2] "On an appeal from a bankruptcy case, our review duplicates that of the district court and view[s]

---

1. The Bankruptcy Court found that it was undisputed that Sallie Mae was not a creditor of Lepre, and therefore no case existed. While Lepre continued to reference Sallie Mae in his appeal to the District Court and in his responses to the instant appeal, the District Court order being appealed only concerns ECMC. Lepre did not appeal the order dismissing Sallie Mae from the adversary proceeding.

2. In its response to Lepre's appeal, ECMC asks that this Court dismiss the appeal for lack of jurisdiction on the ground that the notice of appeal was untimely. While Lepre's notice of appeal was filed 31 days after the District Court's order was docketed, the District Court's order violated the Separate Judgment Rule. "To be independent of the court's opinion [and comply with Fed.R.Civ.P. 58], an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 224 (3d Cir.2007) (citing *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241 (3d Cir.2006); *Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284–85 (3d Cir.2004)). Accordingly, the District Court's order was not deemed "entered" at the time Lepre filed his notice of appeal, rendering it timely. *See* Fed.R.Civ.P. 58(c)(2)(B).

the bankruptcy court decision unfettered by the district court's determination." *In re Orton*, 687 F.3d 612, 614–15 (3d Cir. 2012) (internal quotation and citation omitted). Thus, we review the Bankruptcy Court's findings of fact for clear error and apply plenary review to its legal conclusions. *Id.* at 615.

### III.

Pursuant to 11 U.S.C. § 523(a)(8), student loan debt cannot be discharged in bankruptcy unless repaying this debt would impose an "undue hardship" on the debtor. We, along with the majority of our sister courts, assess whether a debtor faces undue hardship by employing the three-pronged test set forth *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir.1987). *See Pa. Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 306 (3d Cir.1995) (adopting *Brunner* test). Under this test, the debtor must establish:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396. Equitable concerns or other extraneous factors may not be imported to support a finding of dischargeability. *Faish*, 72 F.3d at 306. Lepre must establish each of the three elements by a preponderance of the evi-

dence before a discharge can be granted. *See Faish*, 72 F.3d at 306; *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324, 327 (3d Cir.2001).

As explained in detail by the Bankruptcy Court, Lepre has failed to provide an accurate accounting of his income and expense and, as a result, has failed to establish by a preponderance of the evidence that he cannot maintain a "minimal" standard of living if forced to repay ECMC. Specifically, while Lepre's schedules suggest that he has a negative net monthly income, Lepre's figures are unreliable. Based upon information Lepre submitted at trial and his testimony, it appears that he underestimated both his earnings and the total amount of funds he possessed as of the filing of his schedules. In addition, regarding his expenses, he appeared to have counted at least one expense twice, and listed expenses that he was not paying and that may not have existed, such as ongoing payments for college tuition. Accordingly, without belaboring each discrepancy in Lepre's finances that the Bankruptcy Court noted in its memorandum, we agree that Lepre has failed to satisfy the first prong of the *Brunner* test. *See Faish*, 72 F.3d at 306.[3]

While the Bankruptcy Court's determination that Lepre also did not satisfy the second and third prongs of the *Brunner* test appears well reasoned and correct, Lepre's failure to satisfy the first prong alone establishes that he is not entitled to a discharge of his educational debt pursuant to 11 U.S.C. § 523(a)(8). Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order entered on March

---

**3.** In addition to his notice of appeal, Lepre filed three separate submissions concerning his appeal and the issues he believed that this Court needed to address. As none of the challenged issues affect the outcome of this matter, and all were adequately and correctly addressed by the District Court in its order, we will not repeat the District Court's determination here.

25, 2013, affirming the order of the Bankruptcy Court. *See* 3rd Cir. LAR 27.4 and I.O.P. 10.6.