**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2220
_____

IN RE: NEW CENTURY TRS HOLDINGS, INC, et al.,
Debtors

ANITA B. CARR,
Appellant

v.

NEW CENTURY TRS HOLDINGS, INC, A DELAWARE CORPORATION;
NEW CENTURY LIQUIDATING TRUST
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:12-00288 )
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2013

Before: FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 7, 2013)
_____

OPINION
_____

PER CURIAM

    Appellant Anita B. Carr appeals pro se from orders of the United States District

Court for the District of Delaware, which dismissed her appeal from the Bankruptcy

Court and denied her motion for reconsideration and petition for a writ of mandamus. We will affirm.

**I.**

In October 2009 Carr commenced an adversary proceeding in the United States Bankruptcy Court for the District of Delaware against New Century TRS Holdings, Inc. ("TRS Holdings") and its affiliates (collectively, the "Debtors"), asserting several claims[1] arising out of a 2006 loan transaction between Carr and Home 123 Corporation, an affiliated debtor. In addition to the adversary proceeding, Carr filed a proof of claim against the Debtors seeking damages for, among other things, alleged mortgage fraud and alleged violations of the Truth-in-Lending Act.

In October 2010 Carr and the Debtors entered into a settlement agreement where the Debtors paid a sum of $60,000 "in full and final satisfaction of the causes of action and any other claim(s) that [Carr] may have against the Debtors . . . ." The settlement agreement provided that Carr released the Debtors from "any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities." It further provided that, should a dispute arise between the parties after the execution of the settlement agreement, the "Parties consent and subject themselves to the jurisdiction of this United States Bankruptcy Court, District of Delaware . . . to resolve such dispute(s)." In November 2010 Carr filed a notice of dismissal with prejudice, and the Bankruptcy Court closed the adversary proceeding. Subsequently, though, Carr sought to stay the

---

[1] Carr asserted claims for: (1) fraudulent conveyance; (2) violation of chapter 11 of the Bankruptcy Code; (3) fraudulent misrepresentation and negligence; (4) violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.; (5)* violation of Cal. Bus. & Prof. Code
§ 17200, *et seq.;* (6) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605; and (7) quiet title to real property.

dismissal and to schedule an evidentiary hearing, asserting that she was fraudulently induced to enter into the settlement agreement. The Bankruptcy Court rejected Carr's fraud claim, and Carr timely appealed to the District Court.

In March 2013 the District Court entered an order affirming the Bankruptcy Court's decision. In April 2013 the District Court entered an order denying Carr's motion for reconsideration and her petition for a writ of mandamus, which sought to compel the Bankruptcy Court to preserve evidence in this case. Carr timely appealed.

**II**.

We have appellate jurisdiction pursuant to 28 U.S.C. § 158(d)(1). "On an appeal from a bankruptcy case, our review duplicates that of the district court and view[s] the bankruptcy court decision unfettered by the district court's determination." In re Orton, 687 F.3d 612, 614-15 (3d Cir. 2012) (internal quotation and citation omitted).

**III**.

Carr argues that (1) the Bankruptcy Court did not have statutory or constitutional authority to adjudicate her fraudulent inducement to settle claim; (2) the Bankruptcy's Court's order granting creditors relief from the automatic stay to adjudicate the Debtors' interest in real property was contrary to law; (3) her due process rights were violated; (4) she was entitled to a writ of mandamus; and (5) the District Court should have considered the bankruptcy plan prior to dismissing the appeal.

Regarding the statutory and constitutional jurisdictional issues, Carr did not dispute that the Bankruptcy Court had authority to adjudicate the underlying adversary proceeding and to approve the settlement of her claims. Instead, Carr asserted only that

3

her later raised claim of fraudulent inducement to settle was not a "core proceeding" and that, pursuant to the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), only an Article III court had constitutional jurisdiction to adjudicate the claim.

Regarding the statutory assertion, federal bankruptcy courts have statutory authority to enter final decisions in all "core proceedings." See 28 U.S.C. § 157(b). In this matter, Carr filed both a proof of claim and an adversary proceeding against the Debtors' estate. The settlement of these claims clearly constitutes a core proceeding, and the Bankruptcy Court's resolution of any disputes over the settlement are also clearly core proceedings related to the underlying settlement. See id. at § 157(b)(2)(B) ("Core proceedings include . . . allowance or disallowance of claims against the estate . . . ."). In addition, the Supreme Court has noted that a creditor could consent to the bankruptcy court's exercise of statutory authority to resolve a claim, and it is clear that Carr, in the settlement agreement, did give such consent. See Stern, 131 S. Ct. at 2608.

As to constitutional jurisdiction, Stern does not support Carr's contention.[2] Stern involved a state-law counterclaim asserted by the debtor that was not related to the creditor's claims against the estate or the underlying bankruptcy in any way. In that case,

---

[2] Stern involved the bankruptcy estate of Vickie Lynn Marshall (also known as Anna Nicole Smith). Vickie was involved in a dispute with E. Pierce Marshall, who was the son of Vickie's husband, J. Howard Marshall II. Prior to J. Howard's death, Vickie filed an action against Pierce in Texas asserting that Pierce had fraudulently induced J. Howard to sign a living trust that did not include her. After J. Howard's death, Vickie filed a petition for bankruptcy, and Pierce filed an adversary complaint against Vickie's estate alleging defamation. Vickie filed a counterclaim against Pierce in which she made the same allegations that she had previously filed in Texas (which ruled in Pierce's favor). The bankruptcy court ruled in Vickie's favor, and the case eventually reached the Supreme Court. The Supreme Court held that, while the bankruptcy court had statutory authority to adjudicate the state law counterclaim under 28 U.S.C. § 157(b)(2)(C), the bankruptcy court was nevertheless without constitutional authority to enter such a judgment under Article III. The Court found that Vickie's claim was "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on [Pierce's] proof of claim in bankruptcy." Stern, 131 S. Ct. at 2611. Accordingly, the Supreme Court held that only an Article III court could enter final judgment.

4

the Supreme Court held that the judicial power of the United States may only be invested in Article III courts and that, in that "one isolated respect," the authority granted by Congress to the bankruptcy courts exceeded the limitations of Article III. Id. at 2620. In this matter, Carr's claims were not unrelated counterclaims asserted by a debtor, but were, rather, direct claims by a creditor that the Debtors fraudulently induced her to enter into a settlement agreement concerning indisputably core proceedings within the jurisdiction of the Bankruptcy Court. See 28 U.S.C. § 157(b)(2)(B). Thus, Carr's claim of fraud is not independent of the bankruptcy but rather irreversibly intertwined with the Bankruptcy Court-approved resolution of Carr's underlying claims against the bankruptcy estate, rendering Stern inapposite.[3] Neither the Supreme Court nor we have held that a claim such as Carr's is outside the jurisdiction of the bankruptcy courts to adjudicate. Cf. Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009) (bankruptcy courts have jurisdiction to interpret and enforce their own orders); In re Lazy Days' RV Ctr. Inc., 724 F.3d 418, 423-24 (3d Cir. 2013) (holding that the bankruptcy court had jurisdiction to resolve a dispute over whether, in light of 11 U.S.C. § 365(f)(3), an anti-assignment clause survived a settlement agreement it had confirmed as part of the bankruptcy). We conclude that the Bankruptcy Court had the constitutional authority to adjudicate Carr's fraudulent inducement to settle claim.[4]

---

[3] In her brief in support of her appeal, Carr also referenced, without explanation, N. Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), in support of her constitutional claim. As Marathon, a precursor to Stern, also concerned a state-law claim unrelated to the underlying bankruptcy, it is inapposite to this matter.

[4] We also find that the Bankruptcy Court properly adjudicated Carr's fraudulent inducement to settle claim, as Carr did not assert any evidence concerning fraud in relation to the settlement, but rather merely asserted facts that bolstered the underlying, settled claims. Accordingly, Carr did not satisfy her burden to show that she entered into the settlement agreement as a result of fraud.

Carr has also appealed on the grounds that the District Court incorrectly upheld the Bankruptcy Court's clarification of an order it issued in 2008 providing global relief from the automatic stay.[5] After review of both the 2008 order and the 2011 clarification, we conclude that the Bankruptcy Court did not abuse its discretion when it clarified its 2008 order to explain that it did not lift the automatic stay for monetary claims against the Debtors. See In re Shenango Grp. Inc., 501 F.3d 338, 346 (3d Cir. 2007) (bankruptcy court's interpretation of its own order is reviewed for abuse of discretion).

Carr's additional arguments are without merit. It is clear that Carr's due process rights were not violated, as the Bankruptcy Court entered proper final orders on Carr's claims, did not prevent Carr from obtaining discovery in the adversary proceeding (which was settled prior to discovery being completed), and properly considered all filings concerning Carr's claims. Carr's further due process claims are equally without merit. Carr's additional assertion that the District Court erred in not considering that "fraud and fraudulent inducement to settle is inconsistent with the bankruptcy code and not in the approved bankruptcy plan" is also without merit. The District Court properly reviewed the record on appeal and rejected Carr's claims, and nothing in the Bankruptcy Code nor the approved plan is inconsistent with the District Court or the Bankruptcy Court's decisions.

---

[5] Carr misconstrued the 2008 order as a general lifting of the stay that applied to the state court litigation she was engaged in at the time of the bankruptcy. Carr contended that the Debtors misled her by asserting stay protection in the state court litigation when, according to her reading of the 2008 order, the stay had been lifted. She further claimed that the Bankruptcy Court violated the law in "reinterpreting" the 2008 order to only have lifted the stay for actions against the Debtors' interest in real property. We do not agree with Carr's interpretation of the 2008 order.

Finally, the District Court properly denied Carr's petition for a writ of mandamus and her motion for reconsideration. Mandamus is a drastic remedy available in only the most extraordinary circumstances, and Carr has not demonstrated that her right to the writ is clear and indisputable. See Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The District Court properly denied Carr's motion for reconsideration because it did not meet the requirements under Federal Rule of Civil Procedure 59(e) or, if construed as a motion for relief from judgment due to mistake, under Federal Rule of Civil Procedure 60(b). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).[6]

---

[6] The District Court held that the Bankruptcy Court properly denied Carr's two motions for reconsideration filed in that case on the grounds that they introduced no new grounds for relief and merely sought an adjudication on the merits of the underlying adversary claims which had been settled. We agree.