**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2939
_____

IN RE: LUCIENNE MOOLENAAR,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-05767)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2021

Before: CHAGARES, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 30, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Lucienne Moolenaar appeals from an order of the District Court affirming the

decision of the Bankruptcy Court to deny her motion for a determination that the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

automatic stay provisions of 11 U.S.C. § 362 precluded her landlord from taking possession of her apartment. For the following reasons, we will affirm.

In September 2019, Moolenaar's landlord, Jamestown Village Apartments (JVA), obtained a judgment against her in Magisterial District Court for non-payment of rent. Moolenaar appealed this judgment to the Montgomery County Court of Common Pleas. The Magisterial District Court subsequently ordered a Writ of Possession, which was served on Moolenaar on October 18, 2019. She was also notified that an eviction was scheduled for October 28, 2019. Moolenaar's subsequent Emergency Motion for Stay of Eviction was denied by the Court of Common Pleas.

On October 29, 2019, Moolenaar filed a voluntary Chapter 7 bankruptcy petition. That same day, JVA locked her out of the rental apartment. Moolenaar filed a "Motion for Determination and Imposition of the Automatic Stay and Entry of an Order for Re-entry and Reinstatement of Debtor's Tenancy of the [rental apartment]" with the Bankruptcy Court. She argued that JVA acted in violation of the automatic stay in bankruptcy, 11 U.S.C. § 362(a)(3), when it evicted her from the apartment. Moolenaar sought an order for re-entry and reinstatement of her tenancy of the premises. The Bankruptcy Court denied the motion after determining that JVA evicted Moolenaar pursuant to a valid state court judgment prior to her filing of the bankruptcy petition, and, therefore, there was no violation of the automatic stay.

On appeal, the District Court affirmed the Bankruptcy Court's judgment. Moolenaar now appeals to this Court. "On an appeal from a bankruptcy case, our review duplicates that of the district court and view[s] the bankruptcy court decision unfettered by the district court's determination." In re Orton, 687 F.3d 612, 614-15 (3d Cir. 2012) (internal quotation and citation omitted). Thus, we review the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. Id. at 615.

The filing of a bankruptcy petition triggers an automatic stay which operates to prevent creditors from taking any collection actions for pre-petition debts against the debtor or property of the debtor's estate, including, as relevant here, any action to obtain possession of such property. See 11 U.S.C. § 362(a) (3). The Bankruptcy Court determined that the bankruptcy petition was filed when it was time-stamped, at 2:59 p.m., and that the eviction "occurred prior to that on or certainly no later than roughly 1:00 p.m." 12/3/19 Hearing Tr. at 72. Accordingly, it found that the automatic stay was not in effect prior to the eviction. We find no clear error with this determination.[1] Moolenaar argues here, as she did in the District Court, that her bankruptcy petition was "constructively filed" hours before the eviction. See In re Brown, 311 B.R. 721, 725-28 (Bankr. W.D. Pa. 2004) (recognizing that a debtor can overcome the presumption that a

---

[1] The record on appeal, which does not include a copy of the bankruptcy petition, is conflicting as to the exact time that the bankruptcy petition was filed. Both the Bankruptcy Court and the District Court indicate that the time of filing was 2:59 p.m., but both parties represented in their pleadings that the time was 4:49 p.m. See ECF Nos. 5-1 at 39 & 45; 20 at 4, 16 at 64. We note that either time would have been after the time of

bankruptcy petition was filed when it was time-stamped by establishing that the bankruptcy clerk had constructive possession of the petition prior to that time).  But Moolenaar, who was represented by counsel in the Bankruptcy Court, forfeited this issue by failing to raise it in that court.  See In re Kaiser Group Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005) (noting the general rule that only issues raised in the bankruptcy court may be considered by the district court on appeal).  Indeed, twice her counsel appeared to concede that the bankruptcy petition was filed when it was time-stamped.  See 12/3/19 Hearing Tr. at 5, 21.  Moolenaar also forfeited her argument that her property lease was renewed; although she listed it in her "Statement of the Issues Presented" on appeal to the District Court, she failed to argue it in her brief in that court.  See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) (noting that arguments not raised in the district court will not be considered for the first time on appeal); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist, 877 F.3d 136, 147 (3d Cir. 2017) (explaining that an argument is forfeited where a party inadvertently fails to raise it).  We find no "exceptional circumstances" warranting review of these forfeited arguments.  Id. (recognizing exceptional circumstances exist "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]") (citation omitted).

---

the lockout.

4

We agree with the District Court that Moolenaar's remaining arguments were properly rejected by the Bankruptcy Court. First, she argues that "the automatic stay applied to preclude [JVA] from proceeding with actions of eviction." Br. at 20. Her argument focuses on 11 U.S.C. § 362(b)(22), an exception to the automatic stay that allows for the continuation of eviction proceedings where a landlord has obtained a pre-petition "judgment for possession" of the property. Moolenaar maintains that, because her appeal to the Court of Common Pleas was pending at the time that her bankruptcy petition was filed, the pre-petition judgment from the Magisterial District Court was not a "judgment for possession" for purposes of § 362(b)(22). See In re Alberts, 381 B.R. 171, 180 (Bankr. W.D. Pa. 2008) (holding that a pre-petition judgment subject to de novo review lacks the requisite finality to constitute a "judgment" under § 362(b)(22)). However, § 362(b)(22) is inapplicable here because JVA took possession of the property before the automatic stay was in place; moreover, JVA had taken no further "actions of eviction" when the Bankruptcy Court denied the motion. For the same reason, Moolenaar's reliance on 11 U.S.C. § 362(l), an exception to § 362(b)(22), is misplaced.

Based on the foregoing, the Bankruptcy Court properly denied the "Motion for Determination and Imposition of the Automatic Stay and Entry of an Order for Re-entry and Reinstatement of Debtor's Tenancy of the [rental apartment]." We will therefore affirm the District Court's judgment.

5