LINGLE *v.* OWOSSO SUGAR CO.

CHATTEL MORTGAGES—FILING—PRIORITY.

> Under section 9523, 3 Comp. Laws, providing for the filing of chattel mortgages, an unfiled mortgage on a growing crop, taken in good faith and without knowledge of a previous one, has priority over a mortgage contained in a lease of the land which is not filed.

Error to Shiawassee; Smith, J.   Submitted January 10, 1905.   (Docket No. 38.)   Decided February 28, 1905.

Trover by Ann E. Lingle against the Owosso Sugar Company.   There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.   Reversed.

*Watson & Chapman*, for appellant.

*G. R. Lyon* and *Charles M. Hamper*, for appellee.

HOOKER, J.   The plaintiff owned a farm on section 30, in Caledonia township.   On the 13th day of March, 1903, Marble made a contract with the defendant to raise 30 or 40 acres of beets on this section.   The land was not more specifically described, but it is perhaps a reasonable inference that he designed to rent the land from the plaintiff, which he did on March 31st, by taking a written lease (acknowledged as of that date, though dated March 20, 1903) for 70 acres, upon which the beets in controversy were afterwards raised.   The contract with defendant was in writing, and attempted to vest title to the beets in the defendant.   The important provisions of this contract are as follows:

## "OWOSSO SUGAR MEMORANDUM.

"Agreement concerning raising and delivery of sugar beets for campaign of 1903.

"This agreement made this March 13th, 1903, day of 19— by and between J. L. Marble (hereinafter called the grower, and Owosso Sugar Company, hereinafter called the Company).

"*Witnesseth*, that the said parties each in consideration of the premises and agreements of the other, agreed as follows: The grower, during the year commencing with the spring of 1903, is, in compliance with the terms hereof, to plant, cultivate, and harvest in a good and husbandlike manner for the company, thirty to forty acres of sugar beets, on the following described lands, to wit: In section thirty, township of Caledonia, seven north, range three east, in county of Shiawassee, State of Michigan.

### "SEED.

"The beets shall be raised from seed furnished by the company. At least fifteen pounds of seed per acre shall be planted. Seed shall be paid for by the grower to the company at the rate of fifteen cents per pound, and payment therefor deducted from the first payment of beets delivered. The title to said seed and to said crop of beets from the time when the same begins to grow shall be and remain in the company.

\*        \*        \*        \*        \*        \*

"All directions given by the company as to the seeding, cultivating, harvesting, care, and delivering of beets shall be carefully followed and delivered by the grower. The company shall unload beets delivered in car-load lots without cost to the grower.

\*        \*        \*        \*        \*        \*

"The company shall pay for beets delivered at the rate of four dollars and fifty cents per ton for beets testing twelve per cent. of sugar and thirty-three and one-third cents per ton more for each one per cent. of increase above twelve per cent., and thirty-three and one-third cents per ton less for each one per cent. of decrease below twelve per cent. The company will not be liable to receive or pay for beets containing less than ten per cent. of sugar, or for beets which are rotten or otherwise unfit or undesirable

for making sugar. An additional price of twenty-five cents per ton will be paid by the company for sugar beets delivered after December first.

" In case the company's factory shall be destroyed by fire or otherwise or from any cause so injured as to be incapacitated for work all beets not delivered shall be properly cared for by the grower and delivered as and where ordered by the company, and in that case any extra necessary expense of delivery shall be borne by the company.

" No agent of the company has any authority to change or alter the terms or conditions of this contract."

On the other hand, the lease of the land contained a security clause to secure the rent, $500 per year, and a provision relating to the raising of beets as follows:

" It is hereby provided that in case said land is used for the production of sugar beets, said beets shall be delivered to the Owosso Sugar Beet Company and an order shall be given to the party of the first part on said company for the proceeds to the amount of $500 the first year, $500 the second year, and $300 the third year on or before December 15th of each year.   *   *   *

" And for the purpose of securing the payment of the said rent above reserved and taxes, the said party of the second part hereby covenants and agrees that the said party of the first part, her heirs, executors, and assigns, shall have a lien in the nature and to the effect of a chattel mortgage upon all the produce of the said tillable land, whether harvested or not, and the said party of the second part hereby sell and mortgage to the said party of the first part, her heirs, executors, administrators and assigns, the said produce, and in case said party of the second part shall fail or neglect to pay the same as above covenanted and agreed, the said party of the first part, her heirs, executors, administrators and assigns shall have the right and power to take the possession of the said produce wherever it may be found, and sell the same at private sale or public auction at the best prices she can obtain therefor, after giving at least ten days' previous notice of the time and place of said sale by posting a written or printed notice thereof in three or more public places in said township of said county, and out of the money to arise from such sale thereof if sufficient there shall be to pay and retain the amount of said rent and taxes due, together with any and all costs and charges of

such sale, and shall pay the surplus moneys, if any, to said party of the second part."

This lease was recorded in the register of deeds' office on October 17, 1903, and filed in the township clerk's office October 27, 1903.

Defendant furnished seed, and Marble planted it. As the crop grew, he applied to defendant for money to aid in caring for it, and this was advanced to him, and for it he gave obligations, of which the following is a copy:

"Office of Owosso Sugar Company.
$83.                    Owosso, Mich., June 12, 1903.

"On demand after date, I promise to pay to the order of the Owosso Sugar Company, eighty-three dollars, no one-hundredths, with interest at 6 per cent. per annum, at its office in Owosso, Michigan, the sum above mentioned having been advanced to enable me to plant, cultivate, and harvest sugar beets as per contract with the Owosso Sugar Company, No. 725. Therefore to secure the payment of the said sum, I hereby sell, transfer, and set over to said Owosso Sugar Company all the sugar beets raised upon the lands mentioned in said contract, and authorize the said company to deduct the amount above mentioned with interest thereon, from the first moneys due or payable to me. In case of neglect to cultivate, harvest, or deliver the crop the said company is authorized so to do and charge the expense thereof to me, deducting the same from the first moneys due or owing as above.
"James L. Marble."

Several similar writings were given by Marble to the defendant.

On December 14, 1903, Marble gave the following order to the plaintiff:

"To Owosso Sugar Company,
          "Owosso, Michigan:
"Please pay to Ann E. Lingle the sum of $500 out of the first moneys due me on my crop of beets grown under contract with you during the season 1903 on land located in the south half of section 30, township of Caledonia, Shiawassee county, State of Michigan.
"Dated December 14, 1903.
          [Signed]          "James L. Marble."

On November 5th Marble gave a writing to the defendant as follows:

"In order to avoid any delay on account of any bad weather or shortage of teams I hereby authorize the Owosso Sugar Company to remove to their sheds whenever they deem it advisable the crop of sugar beets grown by me for them under contract 725, on section 30, Caledonia township, Shiawassee county, Michigan.
"Dated November 5, 1903.
[Signed]                         "JAMES L. MARBLE."

The defendant caused the beets to be drawn away on Sunday, about November 8th, and paid for the drawing to Marble and others, who furnished teams—some 16 in all. Defendant refused to pay the plaintiff's order upon the ground that nothing was due or owing from it to Marble upon the beets. The advancements made amounted to $1,019.29, while the beets brought but $824.92.

The defendant's claim rests upon two classes of instruments: (1) The original contract; (2) the several chattel notes. We may eliminate any claim of lien based upon the former, for it covered only the seed, amounting to $67.50, which is an amount too small to affect the plaintiff's right of recovery. By this we mean that, if this were the only claim of the defendant, the remainder of the purchase price of the beets would more than pay her mortgage, and she would be entitled to recover, while, if the defendant's claim arising upon the chattel notes is to be sustained, it will absorb the entire value of the beets, leaving nothing for the plaintiff, without allowing defendant anything for the claim under the contract. This relieves us from the necessity of considering the question whether one can give a valid mortgage upon a crop to be planted upon land in which he has no interest at the time of giving the mortgage.

At the time that the chattel notes were given, the plaintiff's lease was a valid outstanding mortgage, as between the parties to it. It is asserted, without contradiction, that the defendant first received notice of it after the

money was advanced to Marble, for which he gave the notes; and, as already stated, the lease was not then recorded. 3 Comp. Laws, § 9523, provides that chattel mortgages not filed, nor accompanied by immediate change of the possession of the property mortgaged, shall be *absolutely void* as against subsequent mortgagees in good faith. Defendant being such a mortgagee in good faith, its claim has priority over the mortgage of the plaintiff, although the defendant's mortgage was not filed. *Hudson* v. *McKale*, 107 Mich. 22; *Campbell* v. *Remaly*, 112 Mich. 214; *Vining* v. *Millar*, 116 Mich. 144.

Of the chattel notes, all but two were given before defendant is shown to have had notice of the plaintiff's mortgage. With these two omitted, they aggregate $924.88, being more than the value of the beets. The court should have directed a verdict for the defendant.

We have not discussed the evidence tending to show an agreement between the parties that the defendant was to deduct its advancements, before the plaintiff should receive pay for her rent, from the money that should become due for the purchase price of the beets. There was testimony in the case which required the submission to the jury of the questions of agency and estoppel, unless the verdict was to be directed for the defendant.

The judgment is reversed, and a new trial ordered. ·

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.