# STATE OF MICHIGAN

# COURT OF APPEALS

BOB WOODWARD,

        Plaintiff/Counter-Defendant-
        Appellee,

v

CHRISTOPHER SCHWARTZ,

        Defendant/Counter-Plaintiff,

and

MARK A. CHABAN,

        Appellant.

UNPUBLISHED
April 17, 2018

No. 337984
Wayne Circuit Court
LC No. 13-012157-AV

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

Appellant, Mark Chaban, appeals by right the circuit court's order granting plaintiff's motion for a judicial sale of Chaban's real property, specifically, his residence located at 15046 Hix Road in Livonia, Michigan. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has a lengthy history resulting in a 2014 judgment awarding plaintiff sanctions for vexatious appeals in the amount of $24,125 against defendant and Chaban, who represented

defendant, his brother-in-law, in an eviction dispute brought by plaintiff.[1] Plaintiff's judgment for sanctions has remained, for the most part, uncollected and is the subject of this appeal.[2]

This case began in 2010 when plaintiff initiated eviction proceedings against defendant in district court to obtain possession of his rental property. Defendant filed a counterclaim seeking delivery of title to the property, asserting that he and plaintiff entered into a verbal land contract to sell the property to defendant. In May 2013, after a myriad of delays, plaintiff finally prevailed on both his claim and the counterclaim; the court entered a judgment of possession in favor of plaintiff and dismissed defendant's counterclaim. Several months later, plaintiff took possession of his property from defendant and sold it. On June 26, 2014, after defendant appealed the district court's order releasing funds to plaintiff of about $6,600, which had been held in escrow during the proceedings, plaintiff filed a motion in the circuit court for vexatious appeal sanctions against Chaban and defendant. See MCL 600.2445(3); MCR 7.216(C). Plaintiff detailed in his motion that Chaban had filed numerous unsuccessful appeals throughout the proceedings. Plaintiff sought actual and punitive damages totaling $24,125.

On July 24, 2014, before the scheduled hearing on plaintiff's motion for sanctions, Chaban filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code, 11 USC 701 *et seq*. On the date Chaban filed his petition, he owned the real property that he used as his personal residence at 15046 Hix Road in Livonia, Michigan, which he disclosed on his bankruptcy Schedule A – Real Property. Chaban listed the value of his residence as $93,000, subject to secured claims of $102,000. Chaban's disclosures, thus, indicated that he had no equity in his residence when he filed his petition. "When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets [both legal and equitable interests] become property of the bankruptcy estate, see 11 USC § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(*l*)." *Schwab v Reilly*, 560 US 770, 774, 785; 130 S Ct 2652; 177 L Ed 2d 234 (2010); *Owen v Owen*, 500 US 305, 308; 111 S Ct 1833; 114 L Ed 2d 350 (1991). So Chaban's interest in his residence, to the extent he had any, became part of the bankruptcy estate when he filed his petition. *Owen*, 500 US at 308-309.

Under § 522 of the Bankruptcy Code, Chaban was permitted to exempt certain types of property from the estate, enabling him to retain the property exempted postbankruptcy. *Law v Siegel*, 571 US ___, ___; 134 S Ct 1192, 1192; 188 L Ed 2d 146 (2014); *Schwab*, 560 US at 774-776, 785; 11 USC 522(b)(1), (c), and (*l*). "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen*, 500 US at 308. "The Bankruptcy Code specifies the types of property debtors may exempt, § 522(b), as well as the maximum value of the exemptions a debtor may claim in certain assets, § 522(d)." *Schwab*, 560 US at 774. Absent objection by an interested party, "[p]roperty a debtor claims as exempt will be excluded from the bankruptcy estate." *Schwab*, 560 US at 774, citing 11 USC 522(*l*); See

---

[1] Defendant is deceased and is not a party to this appeal. Chaban was suspended from the practice of law in Michigan for one year effective October 31, 2017 (pending appeal).

[2] Unless otherwise noted, the statutory references are to the Bankruptcy Code, 11 USC 101 *et seq*.

also *Taylor v Freeland & Kronz*, 503 US 638, 643-644; 112 S Ct 1644; 118 L Ed 2d 280 (1992), and *Szyszlo v Akowitz*, 296 Mich App 40, 48; 818 NW2d 424 (2012).

Chaban elected to claim the federal exemptions under 11 USC 522(b)(2), which permits the debtor to exempt property specified under § 522(d).[3]  11 USC 522(b)(1).  On his Schedule C – Property Claimed as Exempt, Chaban listed his residence as exempt under § 522(d)(1) (the federal homestead exemption), which provides, in relevant part:

> (d) The following property may be exempted under subsection (b)(2) of this section:
>
> (1) The debtor's aggregate interest, not to exceed [$22,975] in value, in real property . . . that the debtor . . . uses as a residence . . . .[4]

On his Schedule C, Chaban listed "$0.00" as the value of his residence and "$0.00" as the value of the claimed exemption pursuant to § 522(d)(1), presumably reflecting his lack of any equity in the property.  The bankruptcy trustee did not object to the "$0.00" claimed exemption, and there is no indication, nor is it alleged, that any other interested party objected.

On August 5, 2014, during the pendency of the bankruptcy proceedings, the circuit court entered an order awarding plaintiff $24,125 in vexatious appeal sanctions against Chaban (and defendant).  But due to Chaban's bankruptcy, the circuit court stayed enforcement of the judgment with regard to Chaban.  On May 7, 2015, upon plaintiff's action, the bankruptcy court declared plaintiff's judgment for sanctions against Chaban nondischargeable under § 523(6) (a debt resulting from a willful and malicious injury is not dischargeable in bankruptcy).[5]

---

[3] "Under § 522(b), [the debtor] must select between a list of federal exemptions (set forth in § 522(d)) and the exemptions provided by his State, 'unless the State law that is applicable to the debtor . . . specifically does not so authorize,' § 522(b)(1)—that is, unless the State 'opts out' of the federal list." *Owen*, 500 US at 308.  "Michigan law permits debtors in bankruptcy to choose their exemptions from those set forth in 11 USC § 522(d), from a set of general exemptions available to all Michigan residents irrespective of their bankruptcy status, Mich Comp Laws § 600.6023, or from a list of exemptions available solely to debtors in bankruptcy, Mich Comp Laws § 600.5451." *In re Schafer*, 689 F3d 601, 604 (CA 6, 2012).

[4] On April 1, 2013, the amount of the federal homestead exemption in § 522(d)(1) was adjusted to $22,975.  See 11 USC 104(a); *Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed Under 104(a) of the Code*, 78 Fed Reg 12089-01 (February 21, 2013).  These dollar amounts are revised in 3-year intervals ending on April 1.  Chaban filed his bankruptcy petition on July 24, 2014.

[5] Chaban challenged in bankruptcy court the circuit court's order awarding plaintiff sanctions against him as void in violation of the automatic stay of actions against a debtor in bankruptcy under 11 USC 362.  The bankruptcy court held that the court's judgment for sanctions for vexatious appeals did not violate the automatic stay because it fell under the police power exception to the stay under 11 USC 362(b)(4).  The bankruptcy court's decision was upheld on

Thereafter, on May 12, 2015, plaintiff recorded a notice of judgment lien against Chaban's real property. MCL 600.2801 *et seq.*

On September 9, 2015, Chaban was granted a discharge from Chapter 7 bankruptcy under § 727, the effect of which discharged Chaban from personal liability for all pre-petition debts, unless the debt is not dischargeable under § 523(a). 11 USC 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ."); 11 USC 524(a)(1) (providing that a discharge extinguishes "the personal liability of the debtor"). Because plaintiff's judgment was deemed nondischargeable under § 523(a)(6) (debt resulting from a willful and malicious injury), Chaban's discharge from bankruptcy did not extinguish his personal liability for the judgment debt owed to plaintiff. Thereafter, plaintiff obtained an order to seize Chaban's property to satisfy his judgment against Chaban. On October 28, 2015, the levying officer recorded a levy against Chaban's residence securing plaintiff's judgment. See MCL 600.6051.

On March 24, 2016, upon the motion of another judgment creditor, the bankruptcy court formally abandoned Chaban's residence as an asset of the bankruptcy estate.[6] Upon abandonment of the residence, the trustee was "divested of control of the property," and the residence reverted to Chaban, whose "rights to the property are treated as if no bankruptcy petition was filed." *Kane v Nat'l Union Fire Ins*, 535 F3d 380, 385 (CA 5, 2008), quoting 5 Collier on Bankruptcy, § 554.02[3] (quotation marks omitted). In sum, the residence re-vested in Chaban, subject to any secured liens against it, and the parties' rights were governed by state law. *Nibbelink v Coopersville State Bank*, 286 Mich 1, 11; 281 NW 415 (1938).

Thereafter, the circuit court, pursuant to plaintiff's motion, entered an order compelling an inspection of Chaban's residence to prepare for judicial sale under the levy.[7] In October

---

appeal. *In re Chaban*, unpublished opinion and order of the United States District Court for the Eastern District of Michigan, issued August 15, 2015 (Case No. 2:14-cv-14559). Chaban also challenged the bankruptcy court's determination that the judgment was a nondischargeable debt, which was also upheld on appeal. *In re Chaban*, unpublished opinion and order of the United States District Court for the Eastern District of Michigan, issued November 3, 2015 (Case No. 2:14-cv-14559).

[6] Under § 554, a trustee may abandon any property of the bankruptcy estate if the property is "burdensome to the estate or that is of inconsequential value and benefit to the estate." *Szyszlo*, 296 Mich App at 49 (citation and quotation marks omitted).

[7] Chaban removed the proceedings to the bankruptcy court, asserting that plaintiff's actions against exempted property constitute a proceeding concerning the debtor's estate. The bankruptcy court remanded the action to the circuit court, concluding that plaintiff's efforts to obtain satisfaction of his judgment have no bearing on whatever administration remains as to Chaban's bankruptcy, as the trustee no longer has any interest in the residence, did not challenge the exemption, and formally abandoned the residence as an asset of the bankruptcy estate, and, thus, whether the residence is exempt from creditor collection under state law is a matter of state

2016, plaintiff moved in the circuit court for a judicial sale of Chaban's residence under MCL 600.6018. Plaintiff asserted that the residence was appraised at approximately $175,000 to $200,000, subject to mortgages of approximately $100,000, and, thus, there was sufficient equity in Chaban's residence that plaintiff, as a judgment creditor, was entitled to pursue to satisfy his nondischargeable judgment for sanctions against Chaban. Chaban contested the motion and moved for entry of an order declaring his residence exempt from further attempts at execution, arguing, as he does on appeal, that his residence, which he claimed as exempt property in the bankruptcy proceedings, without objection, is now immune from liability for pre-petition debts under § 522(c), (f)(1), and cannot be executed against, levied, or sold to satisfy plaintiff's judgment. Chaban also argued that plaintiff failed to comply with various statutory procedural requirements leading up to the sale. The circuit court disagreed and granted plaintiff's motion for judicial sale and allowed the sale to proceed. Chaban now appeals by right.

## II. STANDARD OF REVIEW

This issue involves questions of law, which we review de novo. *Young v Indep Bank*, 294 Mich App 141, 143; 818 NW2d 406 (2011).

## III. FEDERAL HOMESTEAD EXEMPTION

Plaintiff sought a judicial sale of Chaban's residence pursuant to MCL 600.6018, which provides, "All the real estate [interests] of any judgment debtor . . . are subject to execution, levy and sale *except as otherwise provided by law.*" MCL 600.6018 (emphasis added). Clearly, Chaban is a "judgment debtor" given the circuit court's entry of the judgment for sanctions in favor of plaintiff against Chaban. At issue is whether plaintiff could pursue recovery of his nondischargeable judgment against Chaban's residence under MCL 600.6018. Chaban asserts that his residence was not subject to execution, levy, and sale under MCL 600.6018 because he exempted it from the bankruptcy estate without objection, and pursuant to § 522(c), his residence, as "property exempted," is immunized from liability for plaintiff's judgment, despite its nondischargeability; plaintiff's lien against the residence is avoided under § 522(f)(1); and, therefore, plaintiff is prohibited under federal bankruptcy law from pursuing his judgment via levy and judicial sale of his residence.

## A. SECTION 522(c) – PROPERTY EXEMPTED

Chaban correctly asserts that, under § 522(c), which "establishes the postbankruptcy relationship between 'property exempted' in the bankruptcy case and prepetition debts.." *In re Farr*, 278 BR 171, 176 (Bankr CA 9, 2002). Property exempted by the debtor (with some specifically enumerated exceptions) is immunized against liability during and *after* the case for

---

law. Regarding the levy, the bankruptcy court found Chaban's argument that it violated the automatic stay or the discharge injunction to lack any technical or substantive merit because the dischargeability of the debt, exemption, and abandonment of the residence controlled, regardless of when such might have occurred.

all prebankruptcy debts.[8]  11 USC 522(c); *Owen*, 500 US at 308.  Specifically, § 522(c) provides, in relevant part:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except . . .

11 USC 522(c)(1) through (4) enumerates four exceptions in which "property exempted" remains liable for a nondischargeable pre-petition debt, only one of which is potentially applicable here, § 522(c)(2) (excepting debt secured by an unavoided lien).[9]  Section 522(c), thus, immunizes "property exempted" from all pre-petition debts, with the exception of those nondischargeable debts expressly enumerated (not applicable here) or debts secured by liens that have not been avoided.  See *Owen*, 500 US at 308.

The phrase "property exempted" as used in § 522(c) is not statutorily defined; however, § 522(c) refers to the property not liable for pre-petition debts as "property exempted under this section."  The phrase "this section" in § 522(c) refers to § 522, which "determines what property a debtor may exempt."  *Owen*, 500 US at 308.  Section 522(b), in turn, allows a debtor to exempt from the estate property listed in either paragraph (2) or (3).  Section 522(b)(2), applicable where a debtor, such as here, elects the federal exemptions, permits the debtor to claim property as exempt as defined in § 522(d), which "in turn lists 12 categories a debtor may claim as exempt." *Schwab*, 560 US at 782.  As the United States Supreme Court has recognized, "most of these categories . . . define the 'property' a debtor may 'claim as exempt' as the debtor's 'interest'—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves." *Id*. (alteration and citations omitted).  Section 522(*l*), in turn, provides that, to exempt property under subsection (b), the debtor must file a list of the property he claims as exempt, known as Schedule C.  11 USC 522(*l*); *Schwab*, 560 US at 779-780; Fed R Bankruptcy Proc 4003(a).  Section 522(*l*) further provides that, unless an interested party objects, the "property claimed as exempt" is exempt.[10]  11 USC 522(*l*).  Thus, "[i]f an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate . . . ." *Schwab*, 560 US at 775-776, citing 11 USC 522(*l*); *Taylor*, 503 US at 642-643.  In this context, the phrase "property exempted" plainly means the property claimed as exempt by

---

[8] Although the judgment was entered after Chaban filed for bankruptcy protection, the parties do not dispute that plaintiff's judgment was a debt that arose before bankruptcy.

[9] Although plaintiff's judgment against Chaban was deemed nondischargeable pursuant to § 523(a)(6) (debt from a willful and malicious injury), the debt does not fall within one of the enumerated exceptions under § 522(c) where a nondischargeable debt permits creditors to reach a debtor's exempted property.

[10] Fed R Bankruptcy Proc 4003(b) requires an interested party to object to the claimed exemption within 30 days after the first meeting of creditors.  The United States Supreme Court has held that after the 30-day period expires, an interested party is barred from challenging the claimed exemption. *Schwab*, 560 US at 775; *Taylor*, 503 US at 643-644; *Szyszlo*, 296 Mich App at 48.

the debtor under § 522 that has been exempted. *In re Raffone*, 381 BR 30, 36 (Bankr D Conn, 2008). Accordingly, to ascertain what "property" was exempted under § 522, we look to § 522(d), which defines the particular property a debtor who elects the federal exemptions, as Chaban did, may claim as exempt. *Schwab*, 560 US at 782; *Owen*, 500 US at 308.

On his Schedule C, Chaban listed his residence as exempt property pursuant to the federal homestead exemption, § 522(d)(1), which permits a debtor to exempt his "aggregate interest," not to exceed $22,975 in value, in real property that he uses as his residence. 11 USC 522(d)(1); *Owen*, 500 US at 310. Chaban claimed "$0.00" as the value of his claimed exemption, presumably reflecting his lack of equity in the property, as disclosed on his Schedule A. Chaban, despite his claimed exemption of "$0.00" in the residence, seems to assert that by virtue of listing his residence as exempt, the residence *itself* is exempted, and, thus, immunized from future liability for pre-petition debts under § 522(c). We find this assertion incorrect.

The Supreme Court in *Schwab* instructs that where § 522(d), as here, defines the property that a debtor is entitled to exempt as the debtor's *interest* in a particular type of asset, the value of which may not exceed a certain dollar amount, the exemption pertains only to the debtor's interest in the asset, *not* to the asset itself. *Schwab*, 560 US at 774, 782-783.[11] "Because the exemption [under § 522(d)(1)] is limited to 'the debtor's aggregate interest,' the value of the exemption depends upon the equity (if any) in excess of unavoidable liens." *In re Bessette*, 269 BR 644, 647 (Bankr ED Mich, 2001) (quotation marks, citation and emphasis omitted); see also *Owen*, 500 US at 310. "Only if there is equity remaining in the property after [deducting the amount of liens on the property that are unavoidable from the value of the property] can a debtor exempt the residence from property of the estate up to the limit provided by § 522(d)(1)." *Bessette*, 269 BR at 647. In effect, where the debtor's residence, such as here, is subject to an unavoidable mortgage for its full value, he held only "bare legal title" to the property and only the legal interest passes to the estate and the equitable interest remains with the mortgage holders, and, thus, there is no equitable or aggregate interest available for the debtor to reclaim

---

[11] In *Schwab*, the Supreme Court construed the meaning of the federal exemptions under § 522(d)(5) and (6), which, like the homestead exemption at issue here, "defines the property the debtor is authorized to exempt as an interest, the value of which may not exceed a certain dollar amount, in a particular type of asset." *Schwab*, 560 US at 774, 782-783. The Court, in rejecting the debtor's argument that she fully exempted the asset itself when she claimed as exempt a dollar amount equal to the entire value of the property, found that the exemption clearly allows the debtor to exempt only an interest in the asset up to a certain dollar amount, concluding that the exemptions "define the 'property claimed as exempt' as an 'interest' in [the debtor's] [asset], *not* as the [asset itself] *per se*." *Id*. at 782-783. *Schwab* recognized that the Code clearly distinguished between exemptions for an interest in certain assets up to a certain dollar amount and exemptions for certain assets themselves because other exemptions that a debtor may claim under § 522(d) permit in-kind or unlimited exemptions, in which case the asset itself, if claimed, would be exempt. *Id*. at 782-784.

from the estate as exempt property under § 522(d)(1).[12]  *Owen*, 500 US at 308-309; 11 USC 541(a)(1).  " 'Exempted property' in § 522(c) means only the property that is subject to the exemption."  *Farr*, 278 BR at 181.  And the property subject to exemption from the estate under § 522(d)(1) was Chaban's aggregate *interest* in his residence to the extent of $0.00, as he claimed, without objection.  *Schwab*, 560 US at 782-783; *Owen*, 500 US at 310.  The property exempted is not "the entire fee simple property interest *in which* he claimed that exemption."  *Raffone*, 381 BR at 35.  Exemptions of the type like § 522(d)(1) "are presumed to preserve a debtor's 'interest' in an asset rather than the asset itself . . . ."  *In re Orton*, 687 F3d 612, 617-618 (CA 3, 2012).  "[W]hat is removed from the estate is an 'interest' in the property equal to the value of the exemption at filing[,]" *In re Gebhart*, 621 F3d 1206, 1210 (CA 9, 2010), and "the fact that the listed exemption amount and scheduled value are identical does not result in so-called 'in kind' exemption which removes the property from the estate."  *In re O'Brien*, 443 BR 117, 140 (Bankr WD Mich, 2011), citing *In re Cormier*, 382 BR 377 (Bankr WD Mich, 2008).  Instead, *Schwab* held that "exemptions claimed under statutes like these are limited to the dollar value claimed in the exemption."  *Gebhart*, 621 F3d at 1210-1211.

We conclude that the amount Chaban has preserved through his homestead exemption under § 522(d)(1) is his zero dollar interest in his residence.  Because § 522(d)(1) permitted Chaban to exempt only the aggregate interest in his residence up to a value of $22,975, and Chaban claimed an exemption of zero dollars, as he was entitled, the property he exempted is his interest of zero dollars, not the residence itself.  *Schwab*, 560 US at 782-783; *Owen*, 500 US at 310.  Therefore, the protection from liability for pre-petition debts afforded under § 522(c) to "property exempted" does not extend to the nonexempt equity that plaintiff is now attempting to pursue to satisfy his judgment through execution, levy, and sale pursuant to MCL 600.6018.

## B.  APPLICABILITY OF § 522(C)(2)(A) AND (F)(1)

Moreover, it appears from the record that Chaban's residence remained liable under § 522(c)(2)(A) for plaintiff's judgment for sanctions.  Section 522(c)(2)(A) does not shield exempted property from liability for a pre-petition debt secured by a lien that has not been avoided.  Plaintiff's judgment lien against Chaban's residence, although obtained after the petition was filed, secures Chaban's liability for plaintiff's judgment, a pre-petition debt.  Accordingly, plaintiff's judgment lien falls within the exception of § 522(c)(2).  See *Farr*, 278 BR at 181.  Thus, under § 522(c)(2), Chaban's residence remains liable for plaintiff's pre-petition nondischargeable judgment debt that is secured by a lien, unless it has been avoided.

Chaban appears to assert that by virtue of his exemption, plaintiff's judgment lien against his real property securing plaintiff's judgment has been avoided under § 522(f)(1).  Under § 522(f), "judicial liens encumbering exempt property can be eliminated."  *Owen*, 500 US at 306.  Specifically, § 522(f)(1) permits a debtor to avoid the fixing of a judicial lien on property that is exempted from the bankruptcy estate to the extent that the lien impairs an exemption to which

---

[12] "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of the petition[,]" *In re Friedman*, 38 BR 275, 276 (Bankr ED Pa, 1984), and the value of exempted property is determined at the time of the petition.  See 11 USC 522(a)(2).

the debtor would have been entitled, other than a lien securing a domestic-support obligation. 11 USC 522(f)(1)(A).[13] See also *Owen*, 500 US at 309; *Farr*, 278 BR at 181. The effect of § 522(f) "is to protect a debtor's future interest in the property encumbered by the lien because once the lien is avoided, it does not reattach to the property, and, thus, the property is forever free of the lien." *In re Jerew*, 415 BR 303, 306 (Bankr ND Ohio, 2009).

While plaintiff's lien against Chaban's residence securing his judgment for sanctions may have been potentially avoidable under § 522(f)(1)(A), there is nothing in the record indicating, nor does Chaban assert, that he ever sought avoidance of plaintiff's lien, or that it was otherwise avoided, in the bankruptcy proceedings. Chaban seems to argue that plaintiff's judgment lien was automatically avoided under § 522(f)(1). But the avoidance of a lien under § 522(f)(1) by its express terms is clearly permissive. 11 USC 522(f)(1) (stating that "the debtor *may* avoid the fixing of a lien on an interest of the debtor in property to the extent that such liens impairs an exemption to which the debtor would have been entitled" (emphasis added). See also *In re Trevino*, 78 BR 29, 38 (Bankr MD Penn, 1987) ("The debtor's right to avoid liens is permissive rather than automatic."); *In re Estate of Humphrey*, 141 Mich App 412, 422-423; 367 NW2d 873 (1985) (stating that the use of term "may" signifies permissive language). Because there is nothing in the record indicating that plaintiff's judgment lien was ever avoided under § 522(f)(1), we cannot conclude that Chaban's residence was immunized from execution against it.

## C. CONCLUSION

We conclude that Chaban's residence was subject to execution, levy, and sale under MCL 600.6018 to satisfy plaintiff's nondischargeable judgment from the nonexempt equity in the property. The property exempted by Chaban, and, thus, immune from liability for pre-bankruptcy debt under § 522(c) is his claimed exemption of "$0.00," his aggregate interest in his residence, *not* the residence itself. *Schwab*, 560 US at 782-783. Moreover, because there is nothing indicating that plaintiff's judgment lien was ever avoided under § 522(f), the residence remained liable under § 522(c)(2)(A) for the judgment because the debt was secured by an

---

[13] Specifically, § 522(f)(1)(A) provides, in pertinent part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –

> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); . . .

Under § 522(f)(1), for a debtor to avoid a lien "(1) the lien must be a judicial lien; (2) the lien must be fixed against an interest of the debtor in property; and (3) the lien must impair an exemption to which the debtor would otherwise be entitled." *In re Jerew*, 415 BR 303, 306 (Bankr ND Ohio, 2009).

unavoided lien. Thus, § 522(c) does not preclude plaintiff from pursuing recovery of his judgment against Chaban's residence under MCL 600.6018 for the nonexempt equity.

## IV. MICHIGAN HOMESTEAD EXEMPTION

Chaban further claims that, even if his residence is not immune from liability under federal bankruptcy law (which it is not), the property is exempt under Michigan law from levy and sale under MCL 600.6023. First, MCL 600.6023(1)(g) plainly provides that the property of a judgment debtor is exempt from levy and sale under an execution of a homestead not exceeding a value of $3,500.[14] Plaintiff does not dispute that this $3,500 homestead exemption is available to Chaban, and we agree that Chaban is entitled to a $3,500 exemption under MCL 600.6023(1)(g) from a judicial sale of his residence.

We do disagree, however, with Chaban's assertion that his residence is exempt under MCL 600.6023(3) because he is a surviving spouse. MCL 600.6023(3) provides:

> If the owner of a homestead dies, leaving a surviving spouse but no children, the homestead is exempt, and the rents and profits of the homestead shall accrue to the benefit of the surviving spouse before his or her remarriage, unless the surviving spouse is the owner of a homestead in his or her own right.

Chaban asserts that he is entitled to this homestead exemption under MCL 600.6023(3) because he is a surviving spouse that has not remarried. He asserts that he and his deceased wife held the homestead in joint tenancy before her death in 2012. Under this exemption, if the owner of a homestead dies, the surviving spouse is entitled to an exemption in the homestead for the benefit of the surviving spouse before remarriage, "*unless the surviving spouse is the owner of a homestead in his or her own right.*" MCL 600.6023(3) (emphasis added). In this case, both Chaban and his wife, as joint owners in the residence, owned an undivided interest in the residence before her death. Upon her death, her interest in the property was extinguished, and Chaban became the sole owner of the entire homestead. "The principal characteristic of the joint tenancy is the right of survivorship. Upon the death of one joint tenant, the surviving tenant or tenants take the whole estate." *Albro v Allen*, 434 Mich 271, 274-275; 454 NW2d 85 (1990); *Wengel v Wengel*, 270 Mich App 86, 94; 714 NW2d 371 (2006). "A joint tenancy with full rights of survivorship is composed of a joint life estate with dual contingent remainders."

---

[14] Specifically, MCL 600.6023, provides, in relevant part:

> (1) The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution:
>
> &ast; &ast; &ast;
>
> (g) A homestead of not more than 40 acres of land and the dwelling house and appurtenances on that homestead . . . owned and occupied by any resident of this state, not exceeding in value $3,500.00.

*Wengel*, 270 Mich App at 87. Thus, because Chaban is an owner of the residence in his own right, the exemption under MCL 600.6023(3) does not apply to him.

Finally, Chaban complains that plaintiff failed to comply with certain statutory procedural requirements governing execution against the property, MCL 600.6001 *et seq.*, before proceeding to a judicial sale of his residence, e.g., plaintiff failed to obtain six appraisals of the property as required under MCL 600.6025(2) and to notify Chaban that the homestead was worth more than the $3,500 homestead exemption before sale under MCL 600.6059. Chaban did not present this issue in his "Statement of Issues Presented" as MCR 7.212(C)(5) requires; consequently, we need not address it. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004) ("An issue not contained in the statement of questions presented is waived on appeal."). While these procedural requirements may not have been fully complied with, it is apparent that Chaban was not prejudiced by any potential procedural irregularities leading up to the judicial sale. *See Cross v Fruehauf Trailer Co*, 354 Mich 455, 467-468; 93 NW2d 233 (1958). The record reveals that although the judicial sale, in fact, commenced, there were no bids on the property, and it was ultimately not sold. Thus, Chaban could not have been deprived of his entitlement to his homestead or his exemption, of which he complains, by the levying officer's failure to fully comply with the procedural requirements before the sale. *Vanden Bogert v May*, 334 Mich 606, 613; 55 NW2d 115 (1952) (concluding that equitable relief was not warranted where the judgment debtor was not deprived of her right to claim her exemption).

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell